IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                        No. CR 01-1512 (BB)

SERGIO ISIDRO CHAVEZ-VILLELA,

      Defendant.

## MEMORANDUM OPINION
## AND
## ORDER DENYING SUPPRESSION

THIS MATTER is before the Court on Defendant's motion to suppress [#27], and the Court having considered the briefs of counsel conducted an evidentiary hearing on January 16, 2002, and being otherwise advised, finds the motion should be Denied.

*Facts*

At approximately 11:00 in the morning on June 5, 2000, Defendant Chavez drove his 1989 maroon Grand Prix vehicle into the United States border patrol checkpoint located on I-25 North. As Mr. Chavez approached the primary inspection area, he greeted Border Patrol Agent Justin Willis. Mr. Chavez also handed Agent Willis his I-551 resident alien card before Agent Willis asked Defendant any questions.

According to the report (and subsequent testimony), Agent Willis "felt that the subject was being excessively friendly but at the same time, I noticed that his hand was visibly trembling when he handed me his card." (At the hearing Defendant disputed his hand was shaking.) When questioned as to the vehicle ownership, Defendant indicated it was registered to a friend but that he was going to Denver to purchase the car.

Agent Willis sent Defendant to the secondary inspection point. There is some controversy as whether Agent Willis asked for consent to run a dog around the vehicle. Agent Willis testified he does not remember but it was his normal practice to do so but Defendant testified no consent was requested.

In secondary, Defendant was approached by Border Patrol Agent Jennifer Edberg. She testified that if she is the first to approach a vehicle in secondary, she routinely asks for permission to run a dog around the vehicle but she did not specifically recall asking Defendant. Mr. Chavez testified Agent Edberg told him to get out of the vehicle but did not request consent or mention a dog search.

As Defendant Chavez left the vehicle, Agent Gregory Scott Courter approached it with his dog Shirt. Agent Courter testified Agent Edberg always asks for consent and he personally heard her do it in this case. He testified his dog alerted as soon as he was unleashed and again alerted coming around the front bumper at the wheel well.

*Discussion*

Individualized suspicion is not required for agents to conduct routine inquiries at a permanent border checkpoint. *United States v. Ledesma-Dominguez*, 53 F.3d 1159, 1161 (1995). A vehicle may also be selectively referred to secondary based on the agent's perception of nervous behavior and for further investigation of suspicious circumstances. *United States v. Rascon-Ortiz*, 994 F.2d 749, 752 (10th Cir. 1993). The Court accepts the testimony of Agent Willis that Defendant's hand was shaking and that further inquiry as to the vehicle ownership appeared appropriate. The scope of a routine secondary stop includes exploring any "suspicious circumstances" that the agent noticed during the initial encounter. *United States v. Massie*, 65 F.3d 843, 848 (10th Cir. 1995). Inability to produce a valid registration or proof of ownership gives rise to legitimate further inquiry on that subject. *United States v. Fernandez*, 18 F.3d 874, 879 (10th Cir. 1994); *United States v. Arango*, 912 F.2d 441, 443 (10th Cir. 1990).

Both sides seem to focus on whether Defendant gave consent for a dog search. No consent or reasonable suspicion is necessary to run a dog around a vehicle at the secondary inspection point. *United States v. Massie, supra*; *United States v. Chavira*, 9 F.3d 888, 890 n. 1 (10th Cir. 1993); *United States v. Morales-Zamora*, 914 F.2d 200, 200-4 (10th Cir. 1990). While Defendant testified he saw the dog take his head from

3

inside the open car door, it is unclear how the car door got opened. Nor is there any testimony that the dog actually entered the vehicle without consent.

Defendant also testified to the effect that he was ordered from his car in a very authoritative tone by Agent Edberg. Having observed that Agent on the witness stand, the Court is skeptical that Defendant felt threatened by Agent Edberg. Requiring a person to exit the vehicle in this situation is a *de minimus* intrusion supported by requirements for officer safety. *See Maryland v. Wilson*, 519 U.S. 408 (1997); *Pennsylvania v. Mimms*, 434 U.S. 106 (1977); *United States v. Jacobs*, 715 F.2d 1343, 1345-6 (9th Cir. 1983).

## **O R D E R**

For the above stated reasons, the motion is DENIED.

Dated at Albuquerque this 5th day of February, 2002.

_____
**BRUCE D. BLACK**
United States District Judge

Counsel for Plaintiff:

    Richard C. Williams, Assistant U.S. Attorney, Las Cruces, NM

Counsel for Defendant:

    Jose R. Coronado, Las Cruces, NM